IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FREDDIE D. BROWN, ID # 1024868, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:04-CV-1900-K (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
| Respondent. ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I.  BACKGROUND

A. <u>Nature of the Case</u>

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his conviction for burglary of a habitation in Cause No. F00-45216-RQ. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

B. <u>Procedural and Factual History</u>

On January 18, 2001, a jury found petitioner guilty of burglary of a habitation. *See* Rep.'s R., Vol. III at 84 [hereinafter cited as RR-volume # at page]. After petitioner pled true to two enhancement paragraphs, the trial court sentenced him to thirty years imprisonment. *Id.* at 87-88. On

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

October 9, 2001, the court of appeals affirmed his conviction. *Brown v. State*, No. 05-01-00159-CR, 2001 WL 1183288, at *1-5 (Tex. App. – Dallas Oct. 9, 2001, no pet.).[2] The appellate decision summarized the background information:

> While Officer Louis Canales of the Dallas Police Department was on patrol at 2:40 a.m., he noticed appellant walking up a hill or embankment, carrying a bag. Canales made a U-turn, and as he pulled into a parking lot, he saw appellant throw the bag down. Canales went to see what was in the bag. Canales found tools in the bag, some bearing the name G. Hill. Canales detained appellant, while he tried to reach G. Hill. Canales found that Gary Hill lived only 150 yards away. Canales went immediately to Hill's house where Hill identified the tools as tools that he kept in his garage. He said he had given no one consent to take them. Later that morning, Hill found a hole in the side of the garage where the wooden siding had been pried off.
>
> Canales testified that appellant denied ever possessing the tools or throwing the bag down. At trial, appellant testified that at the time in question, he had been dropped off and was walking to his apartment with the bag of tools. He claimed that he had bought the tools that night for twenty dollars and that he did not know they were stolen.

*Id.* at *1. A review of the evidence presented at trial supports the appellate summary. *See* RR-II and RR-III.

On July 26, 2002, petitioner filed a state habeas application for writ of habeas corpus in which he raised claims of ineffective assistance of trial and appellate counsel. *See* S.H. Tr.[3] at 2, 7. On March 17, 2004, the Texas Court of Criminal Appeals denied that application without written order on findings of the trial court without hearing. *See Ex parte Brown*, No. 25,934-04, slip op. at 1 (Tex. Crim. App. Mar. 17, 2004).

---

[2] The court of appeals granted petitioner until January 9, 2002, to file a petition for discretionary review (PDR), but petitioner filed no PDR. *See Brown v. State*, No. 05-01-00159-CR, http://www.courtstuff.com/FILES/05/01/05010159.HTM (docket sheet information generated Nov. 27, 2006) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas).

[3] "S.H. Tr." denotes the state habeas records attached to *Ex parte Brown*, No. 25,934-04 (Tex. Crim. App. Mar. 17, 2004).

Petitioner filed the instant petition on August 16, 2004, when he signed and placed it in the prison mail system. (Pet. Writ of Habeas Corpus (Pet.) at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Respondent thereafter filed an answer and provided the state-court records. (Resp.'s Answer [hereinafter Answer].)

**C. Substantive Issues**

Petitioner claims that he is being held unlawfully because (1) the trial court failed to accord him an opportunity to present mitigating evidence at punishment, (2) his appellate attorney failed to advance a properly preserved *Batson*[4] violation on appeal, (3) his trial attorney failed to request a jury instruction regarding "Mistake of Fact", and (4) his trial attorney failed to conduct a pretrial investigation of the facts and law. (Pet. at 7-8.)

**D. Procedural Issues**

Respondent contends that petitioner has not sufficiently exhausted his state remedies with respect to Claims 1 and 2. (*See* Answer at 3.) He does not seek dismissal for the failure to exhaust, but rather on the related ground of procedural bar. (*Id.* at 3-6.)

## II. PROCEDURAL BAR

Respondent asserts that petitioner has procedurally defaulted Claims 1 and 2 by not presenting them to the Texas Court of Criminal Appeals. (*See* Answer at 3.)

In general, federal courts may not review a state court decision that rests on an adequate and independent state procedural default unless the habeas petitioner shows "cause" for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will

---

[4] *Batson v. Kentucky*, 476 U.S. 79 (1986).

3

result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *See id.*; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995). Furthermore, when a claim has not been reviewed by the state's highest court, this Court may find such claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state and the state court to which he would be required to present his claims would now find the claims procedurally barred. *Id.*

To present a claim to the highest state court means that the petitioner has fairly presented such claim to the correct court in a procedurally proper manner. *See Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). One does not "fairly present" the substance of a particular claim by raising a claim based upon a different legal theory. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). "It is not enough that all the facts necessary to support the . . . claim were before the state courts or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citation omitted).

To find claims procedurally barred from federal habeas review, the Court must find that petitioner procedurally defaulted such claims; the state court either relied upon such default or would do so if the claim were now presented to it; and petitioner has not overcome the procedural bar by showing cause for and prejudice from such default, or by demonstrating that application of the bar will result in a fundamental miscarriage of justice.

4

In this instance petitioner did not file a petition for discretionary review and did not raise Claims 1 and 2 in his state application for writ of habeas corpus. The failure to properly present these claims to the highest court in Texas constitutes a procedural default that could bar this Court from considering the claims on federal habeas review. *See In re Bagwell*, 401 F.3d 312, 315 (5th Cir. 2005); *Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004). Were this Court to require petitioner to now present the defaulted claims to the Texas Court of Criminal Appeals, the claims would be subject to dismissal under the Texas abuse-of-the-writ doctrine, Tex. Code Crim. Pro. Ann. art. 11.07, § 4. That doctrine "prohibits a second [state] habeas petition, absent a showing of cause, if the applicant urges grounds therein that could have been, but were not, raised in his first habeas petition." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (footnote omitted). "[A]rticle 11.07 § 4 is an adequate and independent state procedural ground to bar federal habeas review and . . . has been strictly and regularly applied since 1994." *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000). When such a state procedural ground exists, "federal courts ordinarily will not review questions of federal law." *Id.* Consequently, unless petitioner can overcome the procedural bar, the defaulted claims raised in the instant petition will not be further considered.

To overcome the procedural bar, a petitioner must demonstrate "(1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or (2) that failure to consider his claims will result in a fundamental miscarriage of justice." *Id.* at 524 (quoting *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997)). Petitioner has shown no cause for failing to raise the claims to the Texas Court of Criminal Appeals. He has thus not overcome the procedural bar under the cause and prejudice test.

5

Petitioner, furthermore, has not shown that consideration of the defaulted claims is necessary to prevent a miscarriage of justice. The miscarriage of justice exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). Petitioner has not shown himself to be actually innocent of the crime for which he was convicted.

For all of these reasons, petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Claims 1 (trial court error regarding mitigating evidence) and 2 (appellate attorney failure to assert *Batson* violation) raised in the instant federal petition, and the Court will not review such claims.

### III. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

In this case, the denial of petitioner's state writ constitutes an adjudication on the merits of the claims fairly presented to the Texas Court of Criminal Appeals in such writ. The AEDPA standards enumerated in 28 U.S.C. § 2254(d) thus apply to the claims raised in this action.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'un-

7

reasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In Claims 3 and 4, petitioner asserts that he received ineffective assistance of trial counsel. To successfully state a claim of ineffective assistance of counsel under Supreme Court precedent, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reason-

able probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of ineffective assistance of trial counsel, the prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

Petitioners must "affirmatively prove prejudice." *Id.* at 693. They cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations, furthermore, are insufficient to obtain habeas relief. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Petitioner alleges ineffective assistance of counsel in that his attorney failed to request a jury charge regarding mistake of fact (Claim 3) and failed to investigate the law and facts of his case regarding the definition of habitation under state law and a possible mistake-of-fact defense (Claim 4).

With respect to the alleged failure to request a jury charge regarding mistake of fact, petitioner argues that he was entitled to such an instruction based upon his testimony that he purchased stolen goods without knowledge that they were stolen. Section 8.02(a) of the Texas Penal Code provides that "[i]t is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." Under Texas law as it existed at the time of the alleged offense, a person commits burglary of a habitation when "without the effective consent of the owner, the person . .

. enters a building or habitation and commits or attempts to commit a felony, theft, or an assault." *See* Tex. Penal Code Ann. § 30.02(a)(3) (Vernon 2003) (showing that statute was last amended in 1999). A good faith purchase does not negate the requisite culpability for burglary under § 30.02(a)(3). *See Sanders v. State*, 707 S.W.2d 78, 80-81 (Tex. Crim. App. 1986) (*en banc*), *abrogated in part on other grounds*, *Willis v. State*, 790 S.W.2d 307, 314-15 (Tex. Crim. App. 1990) (*en banc*). *See also Giesberg v. State*, 984 S.W.2d 245, 249 (Tex. Crim. App. 1998) (*en banc*) (recognizing that *Sanders* and *Willis* were in complete accord that a good faith purchase does not require an affirmative defense instruction).

In this instance, petitioner's testimony merely places a good-faith purchase issue before the jury. Because such purchase does not negate the requisite culpability for burglary of a habitation, petitioner has shown no facts to support an instruction on mistake of fact. There was simply no evidence presented to the jury that supports such a jury instruction. It is well-established that "if evidence admitted before the jury at a trial raises a defensive issue the defendant is entitled to have a requested instruction concerning this defense submitted to the jury in the court's charge." *Willis*, 790 S.W.2d at 315. However, if the evidence does not raise a defensive issue, defense counsel has no basis to request an instruction. Counsel was not deficient in failing to request an instruction regarding mistake of fact in this case.

With respect to the alleged failure of counsel to investigate the facts and law of his case, petitioner argues that counsel focused his attention on the definition of habitation to his detriment because counsel overlooked the only viable defense available to him, *i.e.*, mistake of fact. As discussed in the preceding paragraph, the facts presented at trial did not present a viable mistake-of-fact defense. Petitioner's testimony regarding a good-faith purchase of the stolen tools did not negate

10

the requisite culpability for burglary of a habitation, but instead, presented testimony that petitioner did not burglarize the habitation at all.  That counsel unsuccessfully attempted to define habitation as used in § 30.02 to exclude the complainant's garage did not cause the attorney to lose sight of a potentially viable defense presented by the evidence.  Because petitioner had no viable mistake-of-fact defense, the alleged failures of counsel to investigate the law and facts did not prejudice petitioner.  Petitioner has shown no reasonable probability that, but for the investigative failures of counsel, the outcome of his trial would have differed.

For all of these reasons, petitioner has asserted no claim of ineffective assistance of counsel that entitles him to federal habeas relief.

## V.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## VI.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED** this 25th day of June, 2007.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                                IRMA CARRILLO RAMIREZ
                                                                UNITED STATES MAGISTRATE JUDGE